NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal Case No. 20-cr-20162
    Honorable Linda V. Parker

D-2 RAEF HAMEAD, R.Ph.,
D-3 TAREK FAKHURI, R.Ph.,
D-4 KINDY GHUSSIN, R.Ph.,
D-6 ALI ABDELRAZZAQ, R.Ph.,

    Defendants.
_____/

## **OPINION AND ORDER**

These matters are before the Court on the Government's five-part omnibus motion in limine. (ECF No. 163.) The Court is in receipt of the opposition by Defendants Hamead, Fakhuri, and Ghussin (collectively "Defendants").[1] (ECF Nos. 186-88). Defendants are charged in a nine-count indictment alleging health care fraud. Specifically, Count I charges all Defendants with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; Counts V & VI charge Defendant Fakhuri with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2; and Counts VII-IX charge Defendant Abdelrazzaq with

---

[1] Defendant Abdelrazzaq did not file his own response but joined in the responses filed by Defendants Hamead and Ghussin. (*See* ECF No. 189.)

Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2.[2] Motions 1 – 4 will be granted in whole and Motion 5 will be granted in part and denied in part.

### I. Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during trial. *See Luce*, 469 U.S. at 41-42. Motions in limine may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal." *Robinson v. Runyon*, 149 F.3d

---

[2] Counts II-IV charge Defendant Hassan Abdallah with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2, however Defendant Abdallah has entered a plea of guilty. (*See* ECF No. 80.)

507, 512 (6th Cir. 1998).  Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401 (emphasis added).  The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'"  *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence is inadmissible if there is a danger of unfair prejudice, not mere prejudice.  *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403).  "Virtually all evidence is prejudicial or it isn't material."  *Id.* at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

3

## II. Omnibus Motion in Limine (ECF No. 163)

Motion 1

The Government maintains that Defendants should be precluded from arguing, eliciting on direct or cross-examination, or offering any evidence at trial of specific good conduct, including evidence of: (1) legitimate billing or prescriptions by Defendants; and (2) the provision of legitimate services by Defendants. (*See* ECF No. 163 at PageID. 783.) Defendants argue that the Government's motion is premature, and that other acts evidence, such as legitimate billing, is 'inextricably intertwined' with the conduct in the indictment and should be admitted.

Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Furthermore, in criminal cases, "a defendant may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). Such evidence may be permitted, pursuant to Rule 404(a)(2)(A), so long as it is relevant to the charged offenses and does not create confusion for the jury.

First, with respect to 'other acts' evidence, Defendants are mistaken. Defendants seek to introduce their legitimate billing as a "prior good act." "For the same reason that prior 'bad acts' may not be used to show a predisposition to

4

commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014).

Second, Defendants' legitimate billing is unrelated and irrelevant to the issue of whether they committed health care fraud as alleged in the indictment. *See United States v. Pappas*, No. 17-CR-20465, 2022 WL 1506278, at *16 (E.D. Mich. May 12, 2022) (rejecting defendant's argument that a patient's testimony that "he offered individualized care" should have been admitted to dispel the government's charge that "every patient was treated the same" for billing purposes in a health care fraud case); *United States v. Householder*, No. 1:20-CR-77, 2022 WL 17600159, at *5 (S.D. Ohio Dec. 13, 2022) (finding defendant's proffered evidence of "above-board [political] contributions" irrelevant and inadmissible to the Government's racketeering conspiracy charges).  Pursuant to Rule 403 of the Federal Rules of Evidence, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. F.R.E 403. Evidence of Defendants legitimate billing would serve to only confuse the jury and must be excluded pursuant to Rule 403.

Motion 2

The Government maintains that Defendants should be precluded from making any argument that because Medicare, Medicaid or Blue Cross Blue Shield ("BSBC") failed to detect their fraud and paid their claims, Defendants could not have defrauded Medicare or known that these practices were illegal. (*See* ECF No. 163 at PageID. 785.)  They further argue that these kinds of "blame the victim" defenses are irrelevant and improper. (*See id.*)

Defendants argue that the continued reimbursement of claims by Medicare, Medicaid, and BCBS could suggest that any misrepresentations by Defendants may not have been material misrepresentations, thereby insufficient to sustain a conviction under § 1347(a).

With respect to Defendants' position that continued reimbursements may not be material, courts have routinely rejected the "blame the victim" argument in the criminal fraud context.  "A victim's own gullibility or even negligence is no defense to criminal fraud; . . . the focus is on the *defendant's* conduct." *United States v. Higgins*, No. 22-3538, 2023 WL 6536752, at *3 (6th Cir. Oct. 6, 2023); *see United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) (quoting *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980)) ("If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort

concepts."); *see also United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (concluding that victim negligence is not a defense to criminal conduct); *United States v. Coyle*, 63 F.3d 1239, 1243–44 (3d Cir. 1995) ("negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct"); *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) (holding that the "victim's negligence is not a defense to criminal conduct").

This Court will do the same. Therefore, evidence that Medicare, Medicaid and BCBS' failure to detect Defendants' scheme, as alleged in the indictment, is irrelevant and Defendants are precluded from presenting such evidence.

## Motion 3

The Government argues that Defendants should be precluded from using law enforcement agent interview reports or rough notes for impeachment purposes. They argue that these reports are not "statements" made by the officer-witnesses pursuant to the Jencks Act, 18 U.S.C. § 3500(e)(1)-(e)(3). The Court agrees.

The Jencks Act defines statement as: (1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by

7

said witness to a grand jury. *See* 18 U.S.C. § 3500(e)(1)-(e)(3). The Jencks Act "manifests the general statutory aim to restrict the use of such statements to impeach." *Palermo v. United States*, 360 U.S. 343, 349 (1959).

"The Jencks Act was enacted in response to a fear that the Supreme Court's decision in [*Jencks v. United States*, 353 U.S. 657 (1957),] would be interpreted to compel the undiscriminating production of agents summaries of interviews regardless of their character or completeness." *United States v. Padin*, 787 F.2d 1071, 1077 (6th Cir. 1986) (internal quotations omitted). As a result, "[r]eports written by government agents summarizing prior witness statements do not qualify as Jencks Act material unless they are signed or otherwise adopted or approved by the witness." *United States v. Garrison*, 839 F. App'x 968, 979 (6th Cir. 2020) (internal quotations and alterations omitted). Moreover, "[a]gent notes are not transformed into Jencks Act material at trial just because the author testifies that they are accurate summaries or because they are used to refresh his recollection." *Id.* (citing *United States v. Nathan*, 816 F.2d 230, 237 (6th Cir. 1987)).

Interview reports are not witness statements under the Jencks Act. Interview reports are not verbatim recordings of statements made by witnesses nor are they statements by witnesses which have been adopted by the witness. Therefore, Defendants are precluded from using such reports to impeach a witness on cross examination, publishing to the jury, or suggesting to the jury that such summaries

8

are witness statements. *See Palermo*, 360 U.S. at 350 (stating it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations").

<u>Motion 4</u>

The Government argues that Defendants should not be permitted to introduce hearsay statements. (*See* ECF No. 163 at PageID. 790.) Defendants either do not oppose the motion or argue that it is premature. Under Federal Rule of Evidence 803, hearsay is generally inadmissible. Hearsay is any "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 577 n.1 (6th Cir. 2012) (quoting *United States v. Rodriguez–Lopez*, 565 F.3d 312, 314 (6th Cir. 2009)).

Specifically, the Government seeks to exclude statements by the Defendants introduced through other witnesses. These statements are referred to as a statement by a party-opponent. Admissions made by a party-opponent are an exception to the hearsay rule. *See* Fed. R. Evid. 801(d)(2). Admissions by party-opponents can include statements made by the opposing party in their individual capacity. *See id.* The rationale behind this exception is that "the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial." *United*

9

*States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). "This hearsay exception does not, however, 'extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.'" *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (emphasis in original) (quoting *United States v. Payne*, 437 F.3d 540, 547–48 (6th Cir. 2006)).

The Government's position is supported by well-established law. Defendants are precluded from seeking to introduce their own statements through other witnesses, or from presenting hearsay evidence at trial.

## Motion 5

The Government argues that Defendants should be precluded from eliciting testimony on the following: (1) the Government's witness list; (2) discovery disputes; (3) jury nullification; (4) plea negotiations; (5) potential consequences for Defendants if convicted; (6) defense counsels' personal opinions of Defendants; (7) other individuals who have or have not been charged; and (8) prosecutorial misconduct. (*See* ECF No. 163 at PageID 791-96.)

Defendants do not oppose the preclusion of jury nullification and plea negotiations while also arguing that it is premature to rule on discovery disputes and counsel's personal opinions of Defendants. (*See* ECF No. 186 at PageID. 936; ECF No. 187 at PageIDs 946-48; and ECF No. 188 at PageIDs. 960-61.)

First, with respect to the Government's witness list and whether inferences can be drawn by the Government's failure to call certain witnesses identified on its list, "a party, without prior court approval, may make an adverse inference from the other party's failure to call witnesses." *MacNaughton v. United States*, 888 F.2d 418, 423 (6th Cir. 1989) (citation omitted). Prior to making such an inference, however, the Court must conduct an analysis pursuant to *United States v. Blakemore*, 489 F.2d 193 (6th Cir. 1973). In *Blakemore*, the Sixth Circuit held that for a party to draw such an inference, the following two conditions must be satisfied: (1) the witnesses must be peculiarly within the other party's power to produce; and (2) their testimony must elucidate the events at issue. *See id.* at 195. Currently, any attempt at an analysis pursuant to *Blakemore* is premature as it is unclear whether all witnesses are within the power of the Government to produce. Thus, the Government's request on this issue is denied.

Second, looking at whether the jury should be informed of discovery disputes between the parties, these disputes relate to legal issues and would not assist the trier of fact. *See Nemir v. Mitsubishi Motors Corp.*, No. 96-75380, 2002 WL 482557, at *3 (E.D. Mich. Mar. 11, 2002) ("Discussion of pre-trial discovery disputes will not assist the triers of fact in their determination[s]. . . . Such discussion lacks probative value."). As a result, the Government's request is

granted. The parties are precluded from discussing discovery dispute issues before the jury.

Third, turning to potential consequences of conviction, "the law is well settled in this regard," that juries are not to consider punishment. *United States v. Anderson*, 563 F. Supp. 3d 691, 697 (E.D. Mich. 2021) (citation omitted); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) ("The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury."). Therefore, the Government's request is granted. Defendants are prohibited from discussing the consequences of a verdict before the jury.

Fourth, with respect to counsel's personal opinions of Defendants, "the personal opinion of counsel has no place at trial." *Irick v. Bell*, 565 F.3d 315, 326 (6th Cir. 2009) (quoting *United States v. Collins*, 78 F.3d 1021, 1039 (6th Cir. 1996)). Additionally, to the extent any comments regarding counsel's personal relationships with any witness "can be reasonably construed to be based on personal opinion," it is inappropriate for trial. *United States v. Bess*, 593 F.2d 749, 756–57 (6th Cir. 1979). Thus, the Government's request is granted. Discussion of personal relationships between counsel and either witnesses or Defendants shall be excluded.

Fifth, looking at whether other individuals could have been, but were not charged, can be "evidence showing witness bias [and] is probative in assessing witness credibility, but its admission is subject to the district court's discretion on matters such as relevance, whether it has a proper foundation, and whether the questions are asked in the proper form." *United States v. Funzie*, 543 F. App'x 545, 551 (6th Cir. 2013) (citing *United States v. Abel*, 469 U.S. 45, 50–51, 55–56 (1984)). "Bias is always relevant in assessing a witness's credibility." *United States v. Sumlin*, 956 F.3d 879, 890 (6th Cir. 2020) (quoting *Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999)).

The Supreme Court noted that among the "prototypical form[s] of bias" that a defendant is allowed to challenge regarding a government witness, *see Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986), is the allowance for a defendant to inquire into any immunity or plea deals between the witness and the government, *see id.*, and other "prejudices, or ulterior motives" from which "jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U.S. 308, 316, 318 (1974). The Government's request is denied. As a result, Defendants will be permitted to present evidence of the Government's charging decisions and plea deals for impeachment purposes.

Lastly, with respect to the Government's argument to preclude evidence of prosecutorial misconduct, Federal Rules of Evidence 401 requires the exclusion of

13

evidence that does not tend to make a material fact more or less probable. *See* Fed. R. Evid. 401. Evidence that cannot meet this standard is inadmissible. *See* Fed. R. Evid. 402. Allegations of prosecutorial misconduct have not been raised and the Court cannot evaluate whether they make facts more or less probable. As a result, the Government's request is premature and is denied.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Government's five-part omnibus motion (ECF No. 163) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Motions 1 – 4 are **GRANTED.**

**IT IS FURTHER ORDERED** that Motion 5 is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**.

                                                      s/ Linda V. Parker
                                                     LINDA V. PARKER
                                                     U.S. DISTRICT JUDGE

Dated: March 11, 2024