UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2 RAEF HAMAED, R.PH.,
D-3 TAREK FAKHURI, R.PH.,
D-4 KINDY GHUSSIN, R.PH., and
D-6 ALI ABDELRAZZAQ, R.PH.,

        Defendants.
_____/

Case No. 20-cr-20162
Honorable Linda V. Parker

## OPINION AND ORDER

Defendants are charged by Indictment with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349.  The matter is scheduled for trial on August 13, 2024, and is presently before the Court on the following motions:

- The United States' motion to preclude testimony or argument at trial related to a now dismissed civil action in the Supreme Court of the Virgin Islands (ECF Nos. 179, 203);

- The United States' motion in limine regarding the admissibility of co-conspirator statements (ECF No. 202);

- Defendant Raef Hamaed's motion in limine regarding "inextricably intertwined" and "other act" evidence (ECF No. 214);

- The United States' motion seeking "confirmation" of the January 19, 2024 ruling regarding disclosures under Federal Rule of Criminal Procedure 16 (ECF No. 224).

Defendants Tarek Fakhuri  and Hamaed filed responses to the motion regarding the Virgin Islands action.  (ECF Nos. 188, 211, respectively.)  Hamaed filed a response to the motion regarding the admissibility of co-conspirator statements (ECF No. 210), to which the United States replied (ECF No. 215).  The United States filed a response to Hamaed's motion in limine regarding inextricably intertwined and other act evidence.  (ECF No. 218.)  Defendants provided oral responses to the motion regarding Rule 16 disclosures at a June 13 status conference.

### Virgin Islands Lawsuit

The Government seeks to preclude the introduction of any evidence or argument at trial concerning a lawsuit which Hassan Abdallah filed in the Virgin Islands.  Abdallah is a co-defendant and co-conspirator in the present matter, who, on January 19, 2021, pleaded guilty pursuant to a Rule 11 plea agreement to one count of conspiracy to commit health care fraud and wire fraud.  (ECF No. 80.) The United States intends to call Abdallah as a witness at trial.

Abdallah filed the Virgin Islands lawsuit against several individual and corporate defendants on May 16, 2013.  The lawsuit related to Abdallah's investment in and ownership of a gas station, convenience store, and undeveloped property located in the Virgin Islands.  Some co-defendants filed a counter-

complaint against Abdallah and others.  After a bench trial, but before the court

issued its ruling, the matter was settled and a stipulation for dismissal with

prejudice was entered.  (*See* ECF Nos. 203-1, 203-2.)

The United States argues that the Virgin Islands lawsuit is not relevant to the

pending matter, its introduction would confuse the jury, and it is not admissible as

evidence regarding Abdallah's character for truthfulness or untruthfulness as no

allegations were ever admitted or proven in the matter.  The United States therefore

maintains that any evidence related to the lawsuit is inadmissible under Federal

Rules of Evidence 402, 403, and 608.  Fakhuri and Hamaed fail to present

persuasive arguments to conclude otherwise.

Without indicating whether he in fact intends to offer evidence concerning

the Virgin Islands lawsuit, Fakhuri first urges the Court to await any such

attempted admission to resolve this evidentiary issue.  But one purpose of a motion

in limine is to avoid such interruptions in the presentation of evidence and to

promote the "expeditious management of trials . . .."  *Indiana Ins. v. Gen. Elec.*

*Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2006) (citing *Jonasson v. Lutheran Child*

*& Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  The Court finds no reason to

reserve its ruling.

Fakhuri also argues that the "motion is an attempt to limit [his] ability to

offer evidence that the government's key witness, Abdallah, had the opportunity,

3

ability, and financial incentive to commit fraud without Fakhuri's knowledge."

(ECF No. 188 at PageID. 962.)  Fakhuri fails to explain, however, how the

allegations in the Virgin Islands lawsuit could provide such evidence.  Hamaed

asserts that those allegations are relevant to Abdallah's credibility because they

include that Abdallah committed fraud by lying, falsifying business documents,

and removing his business partners in an effort to steal their business and profits.

(ECF No. 211 at PageID. 1133.)  Hamaed points out that the events at issue in the

Virgin Islands lawsuit transpired during the same time as the fraud alleged in the

present matter.  (*Id*.)

The allegations in the Virgin Islands lawsuit are just that, however.  They

have neither been admitted nor proven true.  They also constitute hearsay and do

not appear to fall under any hearsay exception.  Thus, they are distinct from the

deceased witness's testimony which was introduced as *Brady* material in *United

States v. Vartanian*, 245 F.3d 609, 614 (6th Cir. 2001), which Hamaed cites.  As

such, there is no basis for their admission at trial here.  Therefore, the Court is

granting the motion in limine on this matter.

## Co-Conspirator Statements

The United States seeks a ruling on the admissibility of statements between

the individuals involved in the conspiracy charged in the Indictment, including

Defendants.  The United States maintains that the statements are not hearsay under

Federal Rule of Evidence 801(d)(2)(E), which provides that statements offered

against an opposing party are not hearsay if "made by the party's coconspirator

during and in furtherance of the conspiracy."  *See also United States v. Musaibli*,

42 F.4th 603, 614 (6th Cir. 2022) (citing *Damra*, 621 F.3d 474, 492 (6th Cir.

2010)).  Hamaed counters that the statements do not qualify as statements during

and in furtherance of the conspiracy to fall within the requirements of Rule

801(d)(2)(E).  Hamaed further argues that introducing the statements violates the

Confrontation Clause.

A co-conspirator's statement may be admitted under Rule 801(d)(2)(E) if the

proponent demonstrates "by a preponderance of the evidence that (1) a conspiracy

existed, (2) the defendant was a member of the conspiracy, and (3) the . . .

statement was made in furtherance of the conspiracy."[1]  *Musaibli*, 42 F.4th at 615

(quoting *United States v. Bailey*, 973 F.3d 548, 560 (6th Cir. 2020)).  "A statement

is considered to be in furtherance of the conspiracy 'if it is intended to promote the

objectives of the conspiracy.'"  *United States v. Darwich*, 337 F.3d 645, 657 (6th

Cir. 2003) (quoting *United States v. Monus*, 128 F.3d 376, 392 (6th Cir. 1997)).  "A

---

[1] Hamaed does not challenge the United States' proffer with respect to the first two
requirements.  For purposes of a preliminary ruling, the Court finds that the United
States has presented facts to show that a conspiracy existed, and that Defendants
were members of that conspiracy.  Of course, at trial, the United States must in fact
present evidence to establish these elements before the statements are admitted.
*See United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009) (citation omitted).

statement may be in furtherance of a conspiracy even if not exclusively, or even

primarily, made to further the conspiracy." *United States v. Bailey*, 973 F.3d 548,

561 (6th Cir. 2020) (cleaned up).  "Statements identifying other conspirators and

their roles in the conspiracy further the conspiracy." *Id*. (cleaned up).  So too are

statements "to keep co-conspirators advised[.]" *Darwich*, 337 F.3d at 657 (quoting

*United States v. Tocco*, 200 F.3d 401, 419 (6th Cir. 2000)) (brackets omitted).  In

contrast, "mere 'idle chatter or casual conversation about past events' is not

considered a statement 'in furtherance of the conspiracy.'"[2]  *Id*. (quoting *Tocco*,

200 F.3d at 419).

   The statements the United States seeks to admit under Rule 801(d)(2)(E)

could reasonably be understood as being in furtherance of the conspiracy.  The

statements appear to convey information to advise co-conspirators of their profits

from the alleged fraud and the daily operations of the various pharmacies through

---

[2] Quoting *Darwich*, Hamaed maintains that all statements in the past tense, which
describe actions that already occurred, are not "in furtherance of" the conspiracy.
(ECF No. 210 at PageID. 1130.)  But, as the United States points out, Hamaed
misreads *Darwich*.  *Darwich* does not say that conversations about past events,
period, cannot be in furtherance of a conspiracy.  *United States v. Bailey*, 973 F.3d
548, 562 (6th Cir. 2020) (explaining *Darwich*).  It only said that "*mere idle chatter
or casual conversation* about past events" could not be in furtherance of the
conspiracy.  *Id.* (quoting *Darwich*, 337 F.3d at 657).  *Darwich* distinguished the
improperly admitted statements about how much marijuana the alleged
conspirators bagged with statements attempting to "keep co-conspirators advised"
and those "that identify participants and their role in the conspiracy."  *Id.*; *Darwich*,
337 F.3d at 657.

which the alleged fraud was committed.  They also reflect discussions about who

should be included in the scheme and best actions to keep the scheme concealed.

Contrary to Hamaed's argument, the introduction of this evidence does not

violate the Confrontation Clause.  Sixth Circuit "precedent is clear that [statements

of co-conspirators admitted under Rule 801(d)(2)(E)] are not testimonial, and their

admission does not violate the Confrontation Clause."  *United States v. Warman*,

578 F.3d 320, 337 (6th Cir. 2009) (citing *United States v. Martinez*, 430 F.3d 317,

328-29 (6th Cir. 2005)).

For these reasons, the Court is granting the United States' motion in limine

concerning the co-conspirator statements.

### Inextricably Intertwined and Other Act Evidence

On December 20, 2023, the United States filed a notice of its intent to offer

evidence at trial related to "Hamaed's involvement at the inception of the health

care fraud conspiracy at Eastside Pharmacy, and Hamaed and . . . Fakhuri's

continuation of the conspiracy at Harper Drugs in the years prior to 2010, when the

charged conduct began . . .."  (ECF No. 201.)  The United States asserted that this

evidence is inextricably intertwined with the charged conspiracy, and provides

background and context for the charged conspiracy.  (*Id*.)  The United States

further asserted that this evidence may be admissible pursuant to Federal Rule of

Evidence 404(b) as evidence of intent, knowledge, and absence of mistake.

Hamaed moves to preclude the United States from offering this evidence, arguing that it is neither background nor inextricably intertwined evidence.  He further argues that the evidence is not admissible for any of the purposes in Rule 404(b).  According to Hamaed, any probative value of the evidence is substantially outweighed by the danger of unfair prejudice and, therefore, is inadmissible under Federal Rule of Evidence 403.

Federal Rule of Evidence 404(b) prohibits the admission of a prior bad act to show that the person acted in accordance with that behavior on a particular occasion.  Fed. R. Evid. 404(b)(1).  There are exceptions to this rule, however, such as when the evidence is "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Courts evaluating the admissibility of such evidence must ask: (1) "whether there is sufficient evidence that the other act in question actually occurred[;] (2) "whether the evidence of the other act is probative of a material issue other than character[;]" (3) if it is, "whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect."  *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)).

Another exception to Rule 404(b)(1) is background or *res gestae* evidence. *Id.* (citing *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)).  This is

evidence of other acts "that are inextricably intertwined with the charged offense."
*Id.* (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).  "Typically,
such evidence is a prelude to the charged offense, is directly probative of the
charged offense, arises from the same events as the charged offense, forms an
integral part of a witness's testimony, or completes the story of the charged
offense."  *Id.* (quoting *Hardy*, 228 F.3d at 748).  To avoid abuse of this exception,
the Sixth Circuit "recognize[s] 'severe limitations as to temporal proximity, causal
relationship, or spatial connections among the other acts and the charged offense."
*Id.* (quoting *Clay*, 666 F.3d at 698) (additional quotation marks and citation
omitted).

The Indictment charges Defendants with a scheme to defraud Medicare,
Medicaid, and Blue Cross Blue Shield by submitting false and fraudulent
prescriptions through their positions as pharmacists at one or more of the following
pharmacies: Eastside Pharmacy, Inc. ("Eastside"), Harper Drugs, Inc. ("Harper
Drugs"), Heartland Pharmacy LLC, Heartland Pharmacy 2, LLC, and Wayne
Campus Pharmacy LLC.  (*See* ECF No. 1.)  The period charged is from 2010
through approximately 2019.  (*Id.* at PageID. 8.)  The United States intends to offer
evidence of Hamaed's involvement at the inception of the health care fraud
conspiracy at Eastside, and Hamaed and Fakhuri's continuation of the conspiracy
at Harper Drugs. prior to 2010.  (*See* ECF No. 201.)  The evidence, the United

States explains, provides background as to the development of the charged

conspiracy and Hamaed and Fakhuri's roles in its development.  On that basis, the

Court concludes that this evidence is proper *res gestae* evidence.

The evidence is alternatively admissible to show Hamaed and Fakhuri's

knowledge and intent with respect to the fraudulent scheme charged in the

Indictment.  The evidence further reflects that their participation in the charged

conduct was not by accident or mistake.  *See, e.g., United States v. De Oleo*, 697

F.3d 338, 343 (6th Cir. 2012) (finding that evidence regarding other fraudulent

clinics in which the defendant was involved was properly admitted as it was

relevant to explain his involvement in the broader fraudulent clinic scheme and his

knowledge or involvement in fraud at a different clinic).  The probative value of

this evidence is not *substantially* outweighed by the danger of unfair prejudice, and

the prejudice can be minimized with a limiting instruction cautioning the jury to

consider this intrinsic evidence only to assess Hamaed and Fakhuri's intent or

knowledge, and/or whether their alleged fraud was by accident or mistake.  *See,*

*id.*. at 344 (indication that "[l]imiting instructions are one factor that the district

court can consider in conducting a [Rule] 403 balancing test for other acts

evidence").

For these reasons, the Court is denying Hamaed's motion to preclude the

United States from offering at trial evidence of purported fraud at Eastside and

Harper Drugs preceding the period charged in the Indictment.

## Rule 16 Disclosures

The United States has made a series of disclosures related to its expert

witnesses in accordance with Rule 16 of the Federal Rules of Criminal Procedure.

In December 2023, Defendants, with the exception of Fakhuri, moved to adjourn

the trial date (which at that time was scheduled for February 6, 2024), claiming a

need for more time for their experts to review the United States' updated Rule 16

materials.  (*See* ECF No. 204 at PageID. 1087; *see also* ECF No. 209.)  Fakhuri

objected to an adjournment and, in fact, asked for a severance so that he could

proceed to trial on the February 6 date.[3]  (ECF No. 219 at PageID. 1189, 1238.)

At a hearing on the motion to adjourn on January 10, 2024, the Court

granted the motion.  (*See id.* at PageID. 1233.)  During the hearing, the United

States also requested a deadline for Defendants to file Rule 16 disclosures with

respect to their expert witness(es).  (*Id.* at PageID. 1240.)  The Court instructed the

parties to file a stipulated order as to that deadline and other deadlines discussed.

(*See id.* at PageID. 1242.)  The parties subsequently submitted a proposed

---

[3] The Court responded to Fakhuri's objection by indicating that he would need to
file such a motion.  (*See* ECF No. 219 at PageID. 1238.)  No motion followed.

stipulated order, which the Court signed, setting *inter alia* a May 3 deadline for Defendants' Rule 16 disclosures.  (*See* ECF No. 217.)

When the May 3 deadline passed with no Rule 16 disclosures by any defendant, the United States wrote all parties indicating that it interpreted this to mean that no defendant would be presenting expert evidence and testimony.  (ECF No. 244-2.)  Two weeks later, counsel for Fakhuri responded, contending that Defendants' Rule 16 disclosure obligations never arose because the United States' expert notices failed to meet the rule's requirements.  (*Id*.)  This was the first mention of any alleged deficiency in the United States' disclosures.  The United States then moved for "confirmation of" the Defendants' May 3 deadline on June 12.  (ECF No. 224.)

The Court held a previously scheduled status conference the following day. At that time, the Court heard Fakhuri's counsel's argument for why he believes his client's Rule 16 disclosures were not due on May 3; although, at the same time, counsel indicated that his client does not currently plan to present expert testimony. Counsel for Hamaed, Kindy Ghussin, and Ali Abdelrazzaq informed the Court that their clients will not be presenting expert testimony.

As this Court stated during the conference, the proper response to a perceived deficiency in an opposing party's Rule 16 disclosures is a motion under Rule 16.  It is not acceptable for a party to unilaterally decide that a purported

deficiency excuses that party from meeting its own discovery deadline. At the very least, counsel for Fakhuri should have alerted the United States to his complaints regarding its disclosures. It is not appropriate to sit silently and then wait to raise the claimed deficiency to excuse one's own discovery obligations or to preclude the evidence at or on the eve of trial.

The Court, therefore, grants the United States' motion seeking confirmation of the May 3 deadline for Defendants' Rule 16 expert disclosures.[4]

### Conclusion

In summary, the United States' motion to exclude evidence of the Virgin Islands lawsuit (ECF No. 179) is **GRANTED**. The United States' motion to admit co-conspirator statements (ECF No. 202) also is **GRANTED**. Hamaed's motion to preclude the United States from introducing the identified other act evidence (ECF No. 214) is **DENIED**. Lastly, the Court **GRANTS** the United States' motion to confirm the May 3 deadline for Defendants to provide their Rule 16 expert

---

[4] Rule 16 permits a court to preclude a party from introducing undisclosed evidence, when that party violates the court's orders setting the timing for discovery. *See* Fed. R. Cr. P. 16(d)(2)(c). Nevertheless, the United States has not moved to preclude Defendants from offering expert evidence. Thus, it is premature to opine on the impact of their failure to meet the May 3 deadline. And such a ruling appears unnecessary given the representation by counsel for all Defendants that they will not be calling expert witnesses.

disclosures (ECF No. 224).

      **SO ORDERED**.

s/ Linda V. Parker  
LINDA  V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 26, 2024