UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2 RAEF HAMAED, R.PH.,
D-3 TAREK FAKHURI, R.PH.,
D-4 KINDY GHUSSIN, R.PH., and
D-6 ALI ABDELRAZZAQ, R.PH.,

        Defendants.
_____/

Case No. 20-cr-20162
Honorable Linda V. Parker

**<u>OPINION AND ORDER (1) DENYING DEFENDANT FAKHURI'S MOTION IN LIMINE TO PRECLUDE UNDISCLOSED EXPERT OPINIONS (ECF NO. 226); (2) GRANTING THE UNITED STATES' SECOND MOTION IN LIMINE (ECF NO. 235); AND (3) FINDING THE UNITED STATES' INEXTRICABLY INTERTWINED EVIDENCE ADMISSIBLE (ECF NO. 234)</u>**

Defendants are charged by Indictment with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349. The matter is scheduled for trial on August 13, 2024, and is presently before the Court on the following:

- Defendant Tarek Fakhuri's Motion to Preclude Undisclosed Expert Opinions (ECF No. 226), which is joined by the remaining defendants (ECF Nos. 227-229);

- The United States' supplemental notice of intent to offer inextricably intertwined and other act evidence (ECF No. 234); and

- The United States' Second Motion in Limine (ECF No. 235).

Response briefs have been filed with respect to each.

### "Undisclosed" Expert Opinions (ECF No. 226)

Fakhuri seeks to limit the testimony of three witnesses the United States has noticed as experts, arguing that it provided insufficient disclosures with respect to their opinions regarding inventory shortages at the pharmacies where the alleged fraud was committed.

Federal Rule of Criminal Procedure 16 governs the required contents of expert disclosures, providing in relevant part that the disclosures must include "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief" and "the bases and reasons for them[.]" Fed. R. Crim. P. 16(g)(iii). Fakhuri maintains that the United States' disclosures "fail to explain what 'conclusions' its experts have reached" and "the 'bases' of any 'conclusions' drawn by its experts in reviewing particular PDE [Prescription Drug Event] data concerning one pharmacy or comparing pharmacy data." (ECF No. 226 at PageID. 1285.)

The Court finds, however, that the United States has provided Defendants the underlying information necessary to notify them of these experts' conclusions and the data supporting those conclusions. This information is summarized in the United States' response to the motion. (*See* ECF No. 232.)

The motion, therefore, is **DENIED**.

**Inextricably Intertwined and Other Act Evidence**

The United States has filed a notice of its intent to offer inextricably intertwined other act evidence at trial related to Defendant Raef Hamaed's involvement in a 2014 audit conducted by a pharmacy benefit manager ("PBM") with which City Drugs was enrolled, and Hamaed's alleged efforts to conceal fraud that occurred at City Drugs during the audit. (ECF No. 234.) The United States plans to offer this evidence through the testimony of cooperating witness Hassan Abdallah, who will testify that he co-owned City Drugs with Hamaed between 2010 and 2014. The United States maintains that this evidence is inextricably intertwined with the charged conspiracy, and provides background and context for the charged conspiracy. The United States further maintains that this evidence is admissible pursuant to Federal Rule of Evidence 404(b) as evidence of intent, knowledge, and absence of mistake.

Hamaed responded to the United States' motion, arguing that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice and misleading the jury and that the evidence is needlessly cumulative.[1] (ECF No. 237.)

---

[1] Hamaed also asserts that the evidence is inadmissible. (*See* ECF No. 237 at PageID. 1451.) He fails to develop this argument, however. Therefore, it is waived. *See Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289

3

Federal Rule of Evidence 404(b) prohibits the admission of a prior bad act to show that the person acted in accordance with that behavior on a particular occasion. Fed. R. Evid. 404(b)(1). There are exceptions to this rule, however, such as when the evidence is "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts evaluating the admissibility of such evidence must ask: (1) "whether there is sufficient evidence that the other act in question actually occurred[;] (2) "whether the evidence of the other act is probative of a material issue other than character[;]" (3) if it is, "whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)).

Another exception to Rule 404(b)(1) is background or *res gestae* evidence. *Id.* (citing *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012)). This is evidence of other acts "that are inextricably intertwined with the charged offense." *Id*. (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged

---

F.3d 434, 441 (6th Cir. 2002) (observing that "perfunctory and undeveloped arguments" are waived).

offense." *Id.* (quoting *Hardy*, 228 F.3d at 748). To avoid abuse of this exception, the Sixth Circuit "recognize[s] 'severe limitations as to temporal proximity, causal relationship, or spatial connections among the other acts and the charged offense." *Id*. (quoting *Clay*, 666 F.3d at 698) (additional quotation marks and citation omitted).

The Indictment charges Defendants with a scheme to defraud Medicare, Medicaid, and Blue Cross Blue Shield of Michigan ("BCBSM") by submitting false and fraudulent prescriptions through their positions as pharmacists at one or more of the following pharmacies: Eastside Pharmacy, Inc. ("Eastside"), Harper Drugs, Inc. ("Harper Drugs"), Heartland Pharmacy LLC, Heartland Pharmacy 2, LLC, and Wayne Campus Pharmacy LLC. (*See* ECF No. 1.) The period charged is from 2010 through approximately 2019. (*Id*. at PageID. 8.)

According to the United States, Abdallah will testify that while he and Hamaed co-owned City Drugs, and during the timeframe charged in the Indictment, they were involved in a scheme to defraud Medicare, Medicaid, and BCBSM there. Specifically, Abdallah will testify that he and Hamaed were aware that the pharmacist-in-charge, Auday Maki, was submitting claims to insurance for prescriptions which the pharmacy lacked inventory to dispense. Abdallah will further testify that Hamaed handled the response to a PBM audit of City Drugs in 2014, and attempted to cover up fraud. According to Abdallah, Hamaed fabricated

5

paperwork purporting to show medications being transferred from City Drugs to Harper Drugs and Eastside, two of the pharmacies charged in the Indictment which Hamaed and Abdallah also co-owned.

The United States further seeks to offer text messages between Hamaed and Abdallah concerning fraudulent conduct of co-defendant Kindy Ghussin at the two Heartland pharmacies.

The Court finds that this evidence is proper *res gestae* evidence and admissible to show Hamaed's knowledge, intent, and lack of mistake with respect to the fraudulent scheme charged in the Indictment. *See, e.g., United States v. De Oleo*, 697 F.3d 338, 343 (6th Cir. 2012) (finding that evidence regarding other fraudulent clinics in which the defendant was involved was properly admitted as it was relevant to explain his involvement in the broader fraudulent clinic scheme and his knowledge or involvement in fraud at a different clinic). The Court further finds that the probative value of this evidence is not *substantially* outweighed by a danger of unfair prejudice. The circumstances of this case are quite distinguishable from the case cited by Hamaed, *United States v. Castro*, No. 19-cr-20498, 2022 WL 2328623 (E.D. Mich. June 28, 2022), where the United States sought to introduce "bloody and graphic" photographs from the victim's autopsy documenting the extent and severity of his injuries, *id.* at *1, 3. And, here, prejudice can be minimized with a limiting instruction cautioning the jury to

6

consider this evidence only to assess Hamaed's intent or knowledge, and/or whether their alleged fraud was by accident or mistake. *See id.* at 344 (indicating that"[l]imiting instructions are one factor that the district court can consider in conducting a [Rule] 403 balancing test for other acts evidence").

For these reasons, the Court rejects Hamaed's objection to the United States offering at trial evidence of purported fraud at City Drugs, which occurred within the same period as the fraud charged in the Indictment.

**United States' Second Motion in Limine (ECF No. 235)**

The United States seeks a pretrial ruling with respect to the admissibility of five trial exhibits representing Medicare PDE data extracted for use in the invoice review analysis it anticipates presenting at trial. Qlarant Integrity Solutions LLC ("Qlarant"), which is responsible for investigating Medicare Part D fraud as the national Medicare Drug Integrity Contractor ("MEDIC"), extracted the PDE data from the Medicare Integrated Data Repository ("IDR"). Qlarant uses PDE data as part of its invoice review process. According to the Government, the data shows that Defendants' pharmacies did not purchase sufficient inventory to dispense the medications for which the pharmacies submitted claims to Medicare and Medicaid.

The United States has identified Qlarant employee Margaret Mason as a witness who will testify regarding the extraction of the PDE data from the IDR. It has identified Qlarant employee Ken Risko as a witness who will testify regarding

7

the use of the PDE data in Qlarant's invoice review analyses. In response to Defendants' challenge to the admissibility of the PDE data, the United States also offers the declaration of Mark Hogle, Director of the Enterprise Architecture and Data Group for the Office of Information Technology, Centers for Medicare and Medicaid Services ("CMS"), Department of Health and Human Services. (ECF No. 235-2.) In his declaration, Hogle, who has worked with CMS computer files since 2003, explains the IDR, how information is collected, and his role in assuring that data added "is of the highest possible quality." (*Id.*)

The United States argues that Hogle's declaration—or testimony at trial—is unnecessary because the PDE exhibits are self-authenticating under Federal Rule of Evidence 902. According to the United States, it provided a Certificate of Authenticity attesting that the records constituted business records under Rule 902(11). (*See* ECF No. 235-1.) Defendants have informed the United States, however, that witness testimony from someone like Hogle, subject to cross examination, is necessary.

In fact, in response to the United States' motion, Hamaed argues that witness testimony, subject to cross-examination, is required before the PDE exhibits are admitted. (ECF No. 238.) He argues that he must be able to explain how PDE data is reported and stored and the process of claim submission by a pharmacy to the extraction of PDE records by MEDIC. Without such an explanation, Hamaed

8

maintains that he cannot attack the accuracy of Qlarant's invoice review and analysis. Hamaed maintains that his right to present a complete and meaningful defense is hampered if such a witness is not called, as will his rights under the Sixth Amendment's Confrontation Clause and the Fourteenth Amendment's Due Process Clause.[2] The remaining Defendants join in Hamaed's response. (ECF Nos. 239-41.)

Rule 902(11) provides that evidence is self-authenticating where an original or copy of the record is certified by a custodian, and where that certification meets the requirements of Federal Rule of Evidence 803(6)(A)-(C). Fed. R. Evid. 902(11). The relevant portion of Rule 803, commonly referred to as the business records exception, requires the evidence to meet three conditions. Fed. R. Evid. 803(6). First, the record must be "made at or near the time by—or from information transmitted by—someone with knowledge[.]" *Id*. Second, the record must be "kept in the course of a regularly conducted activity of a business[.]" *Id*. Third, making the record must be "a regular practice of that activity[.]" *Id*. Each of these requirements must be met "as shown by a certification of the custodian" for Rule 902(11) to apply. Fed. R. Evid. 902(11).

---

[2] Although Hamaed invokes the Due Process Clause, he does not elaborate on how his due process rights would be violated by the admission of the PDE data. As stated earlier, issues raised in a perfunctory manner are waived.

A certification signed by Allison Karrmann, a Data Analyst IV for Qlarant, satisfies the requirements with respect to the PDE data for the pharmacies connected with the fraud charged in the Indictment. (ECF No. 235-1.) The exhibits are self-authenticating under Rule 902(11). The Confrontation Clause does not otherwise render them inadmissible.

The Confrontation Clause prohibits the use of *testimonial evidence* against a defendant unless the witness appears at trial or, if the witness was unavailable, the defendant had a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36, 54 (2004). Evidence is testimonial where a reasonable person would believe that it is made for use at trial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) (citing *Crawford*, 541 U.S. at 51-52). In *Melendez-Diaz*, the Court held that affidavits from laboratory analysts identifying a substance as cocaine were testimonial evidence and, thus, inadmissible unless the defendant was allowed to cross examine the declarants. *Id*. at 310-11.

The PDE exhibits are not testimonial. They were not prepared for use at trial. "Although *Crawford* did not involve records of a regularly conducted activity, the Court remarked that 'business records' covered by the traditional hearsay exception are 'by their nature' not testimonial." *United States v. Smith-Kilpatrick*, 942 F.3d 734, 740 (6th Cir. 2019) (quoting *Crawford*, 541 U.S. at 56); *see also id*. (citing *Michigan v. Bryant*, 562 U.S. 344, 392 (2011) (Scalia, J.,

dissenting)) (noting that the Sixth Amendment generally admits business records into evidence "not because the records are reliable or because hearsay law says so" but " 'because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not' weaker substitutes for live testimony.").

Hamaed does not seem to be arguing that Karrmann's certification is testimonial. To the extent he is, the argument is not persuasive. The certification does not certify any factual assertions but only "attest[s] that the submitted documents are actually records kept in the ordinary course of business." *United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011) (quoting *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006)); *see also United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020); *United States v. Johnson*, 688 F.3d 494, 505 (8th Cir. 2012); *United States v. Adefehinti*, 510 F.3d 319, 327-28 (D.C. Cir. 2008); *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005). Thus, courts hold that certificates of authenticity presented under Rule 902(11) are not testimonial. *Id*.

For these reasons, the Court holds that the PDE exhibits are self-authenticating. Their admission does not violate Defendants' rights under the Confrontation Clause. The United States' motion in limine is, therefore, **GRANTED**.

11

## Conclusion

For the reasons set forth above, the Court holds that the testimony of the United States' expert witnesses is not limited due to a failure to comply with Rule 16. The United States may introduce the PDE exhibits at trial. Lastly, the inextricably intertwined evidence described in the United States' notice is admissible.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 13, 2024