UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-2 RAEF HAMAED, R.PH.,
D-3 TAREK FAKHURI, R.PH.,
D-4 KINDY GHUSSIN, R.PH., and
D-6 ALI ABDELRAZZAQ, R.PH.,

      Defendants.
_____/

Case No. 20-cr-20162
Honorable Linda V. Parker

**<u>OPINION AND ORDER (1) GRANTING UNITED STATES' MOTION IN LIMINE REGARDING UNRELATED CIVIL ACTION (ECF NO. 251) AND (2) DENYING DEFENDANT FAKHURI'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM ROBERT COLLINS (ECF NO. 259)</u>**

The Court has before it two motions: the United States' motion to preclude Defendants from referring or attempting to use an unrelated civil action against Special Agent Michael Pemberton (ECF No. 251) and Defendant Tarek Fakhuri's motion to preclude the testimony of Robert Collins, the husband of Leviticus Collins for whom prescriptions were filled at Harper Drugs but who passed away in the last year (ECF No. 259). Fakhuri responded to the United States' motion.

(ECF No. 265.) The United States has responded to Fakhuri's motion, and Fakhuri filed a reply brief. (ECF Nos. 264, 268.)[1]

## United States' Motion

The United States seeks to preclude Defendants from using a separate civil lawsuit against Pemberton who is not testifying at trial in this matter. The lawsuit was filed by Mohamad Ali Makki, a defendant in a different criminal case, alleging that Pemberton engaged in misconduct in the investigation relevant to that case. *See Makki v. U.S. Dep't of Health & Human Servs., et al.*, No. 22-cv-10424 (E.D. Mich. filed Feb. 27, 2022); *United States v. Makki, et al.*, No. 20-cr-20144 (E.D. Mich. filed Mar. 30, 2020). No findings of fact were made in the civil lawsuit. It was dismissed without prejudice and a judgment was entered in the defendants' favor. *See* Order, *Makki*, Case No. 22-cv-10424 (E.D. Mich. Mar. 8, 2023), ECF No. 28.) Judgment, *id.* (E.D. Mich. Mar. 8, 2023), ECF No. 29.) The United States maintains that the lawsuit and the allegations made therein are irrelevant and their admission would be unfairly prejudicial, will confuse and mislead the jury, and cause undue delay. The United States further argues that it is not admissible impeachment evidence.

---

[1] The United States' response was filed as a "motion." It will be terminated with this decision.

Fakhuri argues in response that if the special agent who is testifying in the present matter relied on Pemberton's work and investigation—which Makki alleged contained errors and misconduct—defendants should be able to ask this testifying agent if he knew about the allegations against Pemberton. Fakhuri maintains that this would be relevant to whether it was reasonable for the testifying agent to rely on Pemberton's investigation and work.

In the criminal case against Makki and another defendant, this Court ruled that the allegations in the civil lawsuit would not make any material fact at issue in the case more or less likely to have occurred and would only serve to confuse the jury. Op. & Order, *Makki*, No. 20-cr-20144 (E.D. Mich. Apr. 29, 2024), ECF No. 95 at PageID. 751. The same holds true here. While the Court indicated that the allegations may be used for the limited purpose of impeachment, *see id.*, Pemberton was a witness in that case. Even assuming that was a correct ruling given that the allegations against Pemberton were simply that—that is, unproven allegations—Pemberton is not testifying here. It is improper to use what are simply unfounded allegations to impeach another witness. *See, e.g., United States v. Stoecker*, 215 F.3d 788, 790 (7th Cir. 2000) (trial court did not abuse its discretion under Rule 608 in declining to admit evidence of complaint filed against witness by state agency where no final assessment of guilt was ever made); *United States v. Novaton*, 271 F.3d 968, 1006 (11th Cir. 2001) (trial court did not abuse its

discretion under Federal Rule of Evidence 608(b) in refusing to permit cross-examination of prosecution witnesses concerning alleged misconduct where witnesses were not charged with crime and allegations were unproven).

**Fakhuri's Motion**

Fakhuri seeks to preclude Collins from testifying. According to the United States, Collins will testify that he drove his wife to Harper Drugs to pick up medications and to her medical appointments; that she took insulin and stored it in their refrigerator; she began dialysis treatment and was then hospitalized; and that she stopped taking insulin after her hospitalization and there was no longer insulin in the refrigerator. (*See* ECF No. 264). Collins will further testify that his wife told him that she had been instructed to stop taking insulin. (*Id.*)

In the motion, Fakhuri argues that Collins' testimony is not admissible because (1) the government fails to establish his personal knowledge of what his wife received from Harper Drugs when she picked up her prescriptions; (2) evidence of what his wife was told concerning discontinuing insulin is hearsay; and (3) his testimony that diabetics receiving dialysis are not supposed to receive insulin is an impermissible expert opinion. In reply, Fakhuri further argues that Collins' testimony is not relevant because of his lack of personal knowledge regarding the drugs picked up by his wife and his inability to identify when his

4

wife stopped storing insulin in their refrigerator.  The Court rejects Fakhuri's arguments.

First, the United States indicates that Collins will testify only to what he personally observed.  There is no basis from which to conclude, as Fakhuri does, that Collins was not personally aware of the prescriptions his wife filled at Harper Drugs.  Any statements by his wife as to the instructions concerning insulin are not offered for the truth of the matter asserted and are, therefore not inadmissible hearsay.  Nor are they offered as an opinion regarding whether diabetics on dialysis should or should not continue their insulin.  Fakhuri does not identify any unfair prejudice arising from Collins' testimony to require exclusion under Federal Rule of Evidence 403.

Accordingly,

**IT IS ORDERED** that the United States' Motion in Limine Regarding Unrelated Civil Action (ECF No. 251) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Fakhuri's Motion in Limine to Preclude Testimony from Robert Collins (ECF No. 259) is **DENIED**.  The United States' response brief to the motion, which was filed as a "motion" (ECF

No. 264) is terminated.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 27, 2024