UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                              Case No. 20-cr-20162-2
                              Honorable Linda V. Parker

RAEF HAMAED, R.Ph.,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT HAMAED'S MOTION TO CORRECT RESTITUTION AMOUNT PURSUANT TO 18 U.S.C. § 3664 AND FEDERAL RULE OF CRIMINAL PROCEDURE 35(a) (ECF NO. 394)

On September 5, 2024, a jury found Defendant Raef Hamaed, R.Ph. guilty of one count of conspiracy to commit health care fraud and wire fraud. (ECF No. 290.) At his sentencing on January 8, 2025, Hamaed challenged the amount of restitution sought by the Government, which was based on the invoice review analyses for the five subject pharmacies performed by Qlarant and presented at trial. The Court essentially agreed with the Government and ordered Hamed to pay restitution in the amount of $12,803,048.97. (*See* ECF No. 349.) The Court, however, provided Hamaed with an opportunity to submit a supplemental brief to support an alternative amount.

On February 14, Hamaed filed a motion seeking a "correction" of the restitution ordered. (ECF No. 394.) In the motion, Hamaed offers an alternative

method for calculating the loss to Medicare and Medicaid arising from the fraud charged, comparing products based on Generic Product Identifiers (GPIs) rather than the National Drug Codes (NDCs) which Qlarant used. According to Hamaed, his methodology results in a loss amount of $9,955,333.93. Hamaed also argues that the Court should apportion liability, considering each defendant's relative resources and culpability. The Government opposes Hamaed's motion. (ECF No. 404.)

Hamaed does not convince the Court that the Government's loss calculation is incorrect. He offers no proof supporting his reduced calculation and very little explanation of how it was reached. The minimal explanation provided is insufficient for this Court to find his proffered loss amount reliable or accurate. Significantly, Defendants were provided the invoice review by Qlarant which was used at trial back in December 2023—more than six months before the trial in this matter. Yet, at trial, neither Hamaed nor any of his co-defendants offered alternative calculations or the specific challenges to Qlarant's calculation raised at sentencing and in Hamaed's pending motion. For these reasons, the Court declines to amend the restitution ordered in the Judgment.

The Court also rejects Hamaed's belated argument that the loss amount should be apportioned to reflect each co-conspirator's culpability. The Mandatory Victims Restitution Act gives district courts the discretion to hold defendants

jointly and severally liable for the loss caused by their conspiracy or to apportion the restitution obligation. 18 U.S.C. § 3664(h). The Court has found it appropriate to hold Hamaed and his co-conspirators responsible for the entire amount of loss caused by their conspiracy regardless of whether they personally participated in each fraudulent billing to Medicare, Medicaid, or Blue Cross Blue Shield. The cases cited in Hamaed's brief (*see* ECF No. 394 at PageID. 7131-32) offer no reasoning for why the courts in those instances elected to apportion liability among the co-conspirators. As such, they fail to convince this Court to change its decision.

For these reasons, the Court **DENIES** Hamaed's motion to amend the restitution order.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 1, 2025